IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN, Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, <br><br> Plaintiffs, <br><br> v. <br><br> BRYER CONSTRUCTION, INC., <br><br> Defendant. | **FILED** <br> **FEBRUARY 11, 2008** <br> MICHAEL W. DOBBINS <br> CLERK, U.S. DISTRICT COURT <br><br> PH    **08 C 887** <br><br> **JUDGE COAR** <br> **MAGISTRATE JUDGE KEYS** |

## COMPLAINT

1.      This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to compel an audit and to collect delinquent employee benefit fund contributions and union dues found to be due.

### Jurisdiction and Venue

2.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(c) and 1132(e)(1).

3. Venue in this Court is conferred by 29 U.S.C. §§ 185(a) and 1132(e)(2), because the Funds are administered in this judicial district, and the Union and Defendant transact business in this judicial district.

## Parties

4. The Painters' District Council No. 30 Pension Fund ("Pension Fund"), the Painters' District Council No. 30 Health and Welfare Fund ("Health and Welfare Fund"), the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Fund ("Apprenticeship Fund"), and the Northern Illinois Painting and Drywall Institute ("NIPDI") (collectively "Funds") are employee benefit trusts and/or plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

5. Plaintiff Charles E. Anderson is a fiduciary and trustee of the Pension Fund, the Health and Welfare Fund, and the Apprenticeship Fund.

6. Plaintiff Donald Steadman is a fiduciary and trustee of NIPDI.

7. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

8. Plaintiff Painters District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO ("Union"), is a labor organization representing employees in an industry affecting commerce, as defined by LMRA § 301(a), 29 U.S.C. § 185(b).  The Union is entitled to collect dues and defense fund contributions, and contributions to the Painters and Allied Trades Labor Management Cooperation Fund ("LMCF") f/k/a the International Brotherhood of Painters and Allied Trades Labor Management Fund, from Defendant on behalf of employees covered by one or more collective bargaining agreements.

9.      Defendant Bryer Construction, Inc.. ("Bryer") is an Illinois corporation with its principal place of business in the State of Illinois.  Bryer is and at all times relevant has been engaged in business within this judicial district in an industry affecting commerce, as defined by LMRA § 301(a), U.S.C. § 185(a), and at all times relevant was an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

### Specific Allegations

10.     The Funds are third-party beneficiaries of collective bargaining agreements ("CBAs") entered into between the Union and employers such as Bryer.

11.     Bryer has at all relevant times been bound by CBAs with the Union that require Bryer to contribute to the Funds, comply with the Funds' Trust Agreements ("Trust Agreements"), and to check off and remit dues and defense fund assessments to the Union.

12.     Bryer agreed to adopt and be bound by the provisions of the Funds' Trust Agreements and the rules and regulations promulgated by the Funds' Trustees under the Trust Agreements.  The Trust Agreements require employers to pay continuing and prompt contributions to the Funds for work performed by covered employees in accordance with the CBAs.

13.     Plaintiffs rely upon a self-reporting system that requires participating employers to advise Plaintiffs monthly of the identity of the employees for whom contributions, dues, and assessments are owed, identify each hour or portion thereof worked by and gross wages paid to those employees, and remit the amounts owed to the Funds and Union for those employees.

14.     The CBAs and Trust Agreements require participating employers to provide the Plaintiffs with access to the employer's books and records and those of their affiliated or related companies upon demand, so Plaintiffs can verify the accuracy and completeness of the hours

worked by and gross wages paid to covered employees reported to Plaintiffs, and the corresponding contributions paid to the Funds, and the corresponding dues and assessments remitted to the Union.

15. On November 8, 2007, Plaintiffs requested that Bryer provide it auditors with access to its books and records for the time period of May 10, 2007 through the present.

16. Since December 12, 2007 and continuing to date, Bryer has failed and refused to provide the Plaintiffs' auditors with all of the required documents necessary for completion of an audit.

**WHEREFORE,** Plaintiffs request the following relief

(A) An order requiring Defendant Bryer Construction, Inc. to provide all the documents requested by the Funds' auditors required to complete the Audit.

(B) A judgment in Plaintiffs' favor and against the Defendant Bryer Construction, Inc. for –

    (i) all the delinquent contributions at the contribution rates that are determined to be owed for the Audit Period, plus union dues, defense fund and LMCF contributions;

    (ii) interest on the delinquent contributions;

    (iii) an amount equal to the greater of the interest on the delinquent contributions or statutory liquidated damages of twenty percent (20%) of the delinquent contributions at the interim contribution rates; and;

    (iv) attorneys' fees and costs, including audit costs, incurred by Plaintiffs in connection with this action.

(C) That this Court retain jurisdiction of this cause pending compliance with its orders.

(D) For such further or different relief as this Court may deem proper and just.

Respectfully Submitted,

_____
Sherrie E. Voyles
*Attorney for Plaintiffs*
Jacobs, Burns, Orlove, Stanton & Hernandez
122 South Michigan Avenue
Suite 1720
Chicago, Illinois 60603-6145
(312) 372-1646