10174-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN, Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, <br><br> Plaintiffs <br> v. <br><br> BRYER CONSTRUCTION, INC., <br> Defendant | Case No. 08 C 887 <br><br> Judge Coar <br> Magistrate Judge Keys |

## ANSWER TO COMPLAINT

Now comes defendant, BRYER CONSTRUCTION, INC., by its attorneys, ELIZABETH A. BATES and KATHLEEN R. RYDING, and for its Answer to Complaint states as follows:

1. This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 (a)(3), to compel an audit and to collect delinquent employee benefit fund contributions and union dues found to be due.

ANSWER: Bryer admits this is an action brought pursuant to Section 301 of the Labor Management Relations Act, 29 USCA § 185, as amended, and Section 502 (a)(3) of ERISA. Bryer denies that an audit needs to be compelled or that it is delinquent in its employee benefit fund contributions or union dues.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(c) and 1132(e)(1).

ANSWER: Bryer admits the allegations in paragraph 2.

3. Venue in this Court is conferred by 29 U.S.C. §§ 185(a) and 1132(e)(2), because the Funds are administered in this judicial district, and the Union and Defendant transact business in this judicial district.

ANSWER: Bryer admits the allegations in paragraph 3.

## Parties

4. The Painters' District Council No. 30 Pension Fund ("Pension Fund"), the Painters' District Council No. 30 Heath and Welfare Fund ("Health and Welfare Fund"), the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Fund ("Apprenticeship Fund"), and the Northern Illinois Painting and Drywall Institute ("NIPDI") (collectively "Funds") are employee benefit trusts and/or plans within the meaning of ERISA §3(3), 29 U.S.C. § 1002(3).

ANSWER: Bryer lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 4.

5. Plaintiff Charles E. Anderson is a fiduciary and trustee of the Pension Fund, the Health and Welfare Fund, and the Apprenticeship Fund.

ANSWER: Bryer lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 5.

6. Plaintiff Donald Steadman is a fiduciary and trustee of NIPDI.

ANSWER: Bryer lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 6.

7.     ERISA §502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

ANSWER:     Paragraph 7 is a conclusion of law to which no response is required.

8.     Plaintiff Painters District council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO ("Union"), is a labor organization representing employees in an industry affecting commerce, as defined by LMRA § 301(a), 29 U.S.C. § 185(b).  The Union is entitled to collect dues and defend fund contributions, and contributions to the Painters and Allied Trades Labor Management Cooperation Fund ("LMCF") f/k/a the International Brotherhood of Painters and Allied Trades Labor Management Fund, from Defendant on behalf of employees covered by one or more collective bargaining agreements.

ANSWER:     Bryer lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 8.

9.     Defendant Bryer Construction, Inc. ("Bryer") is an Illinois corporation with its principal place of business in the State of Illinois.  Bryer is and at all times relevant has been engaged in business within the judicial district in an industry affecting commerce, as defined by LMRA § 301(a), U.S.C. § 185(a), and at all times relevant was an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

ANSWER:     Bryer admits the allegations in paragraph 9.

Specific Allegations

10.     The Funds are third-party beneficiaries of collective bargaining agreements (CBAs") entered into between the Union and employers such as Bryer.

ANSWER:     Paragraph 10 is a conclusion of law to which no response is required.

11. Bryer has at all relevant times been bound by CBAs with the Union that require Bryer to contribute to the Funds, comply with the Funds' Trust Agreements ("Trust Agreements"), and to check off and remit dues and defense fund assessments to the Union.

ANSWER: Bryer admits the allegations in paragraph 11.

12. Bryer agreed to adopt and be bound by the provisions of the Funds' Trust Agreements and the rules and regulations promulgated by the Funds' Trustees under the Trust Agreements. The Trust Agreements require employers to pay continuing and prompt contributions to the Funds for work performed by covered employees in accordance with the CBAs.

ANSWER: Bryer admits the allegations in paragraph 12. At all times, Bryer fulfilled its duties and obligations under said agreements.

13. Plaintiffs rely upon a self-reporting system that requires participating employers to advise Plaintiffs monthly of the identity of the employees for whom contributions, dues, and assessments are owed, identify each hour or portion thereof worked by and gross wages paid to those employees, and remit the amounts owed to the Funds and Union for those employees.

ANSWER: Bryer lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 13.

14. The CBAs and Trust Agreements require participating employers to provide the Plaintiffs with access to the employer's books and records and those of their affiliated or related companies upon demand, so Plaintiffs can verify the accuracy and completeness of the hours worked by and gross wages paid to covered employees reported to Plaintiffs, and the corresponding contributions paid to the Funds, and the corresponding dues and assessments remitted to the Union.

ANSWER: Bryer admits the allegations in paragraph 14.

15. On November 8, 2007, Plaintiffs requested that Bryer provide it auditors with access to its books and records for the time period of May 10, 2007 through the present.

ANSWER:   Bryer admits the allegations in paragraph 15.

16.   Since December 12, 2007 and continuing to date, Bryer has failed and refused to provide the Plaintiffs' auditors with all of the required documents necessary for completion of an audit.

ANSWER:   Bryer denies the allegations in paragraph 16.

WHEREFORE, Bryer Construction, Inc. respectfully requests judgment in its favor, for its costs of suit and attorneys' fees, and for any such other and further relief deemed appropriate by this Court.

Respectfully submitted,

By: /s/ Kathleen R. Ryding
_____
Kathleen R. Ryding, one of Bryer's attorneys


Kathleen R. Ryding [#6181310]
Elizabeth A. Bates
Lawrence A. Stein
Edward J. Sedlacek
**HUCK BOUMA PC**
1755 South Naperville Road, Suite 200
Wheaton, Illinois 60187
630 221-1755
630 221-1756 (fax)

**CERTIFICATE OF FILING AND SERVICE**

I, KATHLEEN R. RYDING, certify as follows under penalty of perjury this 19th day of March, 2008:

1.    I filed this *Answer to Complaint* by filing it with the clerk of the court by electronic means.

2.    I served this *Answer to Complaint* by filing it with the clerk of the court by electronic means, which electronic filing constitutes service by virtue of local rule 5.9.

3.    I made the electronic filing on March 19, 2008.


/s/ Kathleen R. Ryding
_____


Kathleen R. Ryding [#6181310]
Elizabeth A. Bates
Lawrence A. Stein
Edward J. Sedlacek
**HUCK BOUMA PC**
1755 South Naperville Road, Suite 200
Wheaton, Illinois 60187
630 221-1755
630 221-1756 (fax)

R:\10000s\10100-10199\10174-6\Pleadings\08 C 887\080318 - Answer.wpd