IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDERSON, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Judge Coar |
| v. | ) | |
| | ) | Case No. 08-887 |
| BRYER CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT OF THE PARTIES PLANNING CONFERENCE**

Pursuant to this Court's order, Sherrie E. Voyles representing Plaintiffs, and Kathleen Ryding representing Defendant, met on Friday, April 11, 2008 pursuant to Rule 26(f) to discuss:

(1) the nature and basis of their claims and defenses;

(2) the possibilities for a prompt settlement or resolution of this case;

(3) to make or arrange for the disclosures required under Rule 26(a)(1); and

(4) to develop a discovery plan.

To that end, the parties propose the following:

A.   The issues in this case may be simplified by taking the following steps: Defendant provides the documents identified by Plaintiffs as necessary to complete the audit. Once completed, Plaintiff will provide Defendant a copy of the audit for review and give Defendant an opportunity to identify areas of disagreement, if any.

B. The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery: None.

C.   Discovery will be needed on the following subjects:

   1. Identify of individuals and scope of work performed for Defendant as

      included in audit report, if disputed by Defendant.

    2. Identity of individuals responsible for the reporting of employees to Plaintiffs by Defendant.

D. Discovery should not be conducted in phases.

E. Discovery is likely to be contentious and management of discovery should be referred to Magistrate Judge. Yes_____ No X

F. The parties do not consent to the matter being referred to the Magistrate Judge for final disposition.

E. The parties have discussed the possibility of alternative dispute resolution and have concluded that such alternatives are not feasible in this matter.

H. The parties have discussed a prompt settlement or other resolution of this matter. The Plaintiff has not made a written demand yet because the audit has not been completed.

I. The Court should consider the following methods of expediting the resolution of this matter: Plaintiffs believe that it is appropriate and would facilitate resolution for the Court to order the Defendant to immediately produce the necessary documents identified for the completion of the audit. Defendant does not believe it has failed to produce documents and is cooperating with the recent informal request for documents and expects to have such documents by May 15, 2008.

.                            Respectfully submitted,

| | |
|---|---|
| s/Sherrie E. Voyles | s/Kathleen R.Ryding |
| Sherrie E. Voyles | Kathleen R. Ryding |
| Attorney for Plaintiffs | Attorney for Defendant |
| Jacobs Burns Orlove Stanton & Hernandez | Huck Bouma |
| 122 South Michigan Avenue | 1755 S. Naperville Road |
| Suite 1720 | Suite 200 |
| Chicago, Illinois 60603 | Wheaton, Illinois 60187 |
| (312) 372-1646 | (630) 221-1755 |

Case 1:08-cv-00887    Document 15    Filed 04/11/2008    Page 3 of 3